UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 22, 2013

LETTER TO COUNSEL:

  RE: *Jacqueline Lee v. Commissioner, Social Security Administration*
    Civil No. SAG-12-2018

Dear Counsel:

  On July 6, 2012, the Plaintiff, Jacqueline Lee, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 16). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d. 585 (4th Cir. 1996). Under those standards, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

  In her initial claim, Ms. Lee alleged disability beginning on September 6, 2006, based on heart problems, depression, and anxiety. (Tr. 139; 158). She later amended her onset date to March 1, 2008 (Tr. 34). After her claims were denied initially and on reconsideration (Tr. 67-74; 78-81), an Administrative Law Judge ("ALJ") held a hearing on October 28, 2010. (Tr. 31-62). Ms. Lee was represented by counsel, and a vocational expert testified at the hearing. (Tr. 33). On November 2, 2010, the ALJ issued a decision denying Ms. Lee's claim. (Tr. 17-25). The Appeals Council denied Ms. Lee's request for a review (Tr. 1-6), so that the ALJ's decision constitutes the final, reviewable decision of the agency.

  The ALJ found that Ms. Lee suffered from the severe impairments of heart disease and bipolar disorder. (Tr. 19). However, the ALJ further found that Ms. Lee's impairments, singularly or in combination, did not meet the "listing" requirements of 20 CFR Part 404, Subpart P, App. 1. (Tr. 19). The ALJ determined that Ms. Lee had a residual functional capacity to perform light work and that jobs exist in significant numbers in the national economy that Ms. Lee could perform. (Tr. 20-25).

  On appeal, Ms. Lee raises two issues: (1) the ALJ improperly relied upon non-examining physicians' medical opinions, and (2) the Appeals Council failed to consider new medical evidence and a new medical opinion from a treating examining physician. Both arguments lack merit.

*Jacqueline Lee v. Commissioner, Social Security Administration*
Civil No. SAG-12-2018
April 22, 2013
Page 2

With respect to the evaluation of the medical evidence, the ALJ discounted the opinions of a consulting psychiatrist, Earen Abraham. (Tr. 23). He did so because Dr. Abraham's opinions were inconsistent with other evidence in the medical record, including the facts that Ms. Lee's "speech, motor control, thought process, and cognitive functions were within normal limits, and her mood/affect was euthymic" (Tr. 22, 289, 327, 381-82, 386-87, 390-91; 394, 396, 403-04, 406, 408-09, 413) and that her Global Assessment of Functions scores were regularly 55 or above (usually 60). (Tr. 21-23, 237, 376, 432).

The ALJ also relied upon the examination by Carl Hurwitz, Ph.D., a consultative psychological examiner. The ALJ did not expressly discount any opinion rendered by Dr. Hurwitz. He noted, however, that certain things reported to Dr. Hurwitz by Ms. Lee—i.e., that she attended a weekly outreach program at Keypoint Health Services, that she enjoys playing bingo and going bowling, and that she occasionally watches her granddaughter—were inconsistent with Ms. Lee's allegations of debilitating mental and physical impairments. (Tr. 23). Finally, the opinions expressed by P. Sokas, M.D., a state agency psychiatrist, and E. Lessans, Ph.D., a state agency psychologist, supported the conclusions reached by the ALJ. (Tr. 23-24; 266-83; 345-62). Although Dr. Sokas and Dr. Lessans did not examine Ms. Lee, the law recognizes that state agency medical sources are "highly qualified physicians, psychologists, and other medical specialists who are experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i). The ALJ therefore appropriately relied on their opinions, in combination with other evidence, in reaching his conclusions regarding Ms. Lee's mental impairments.

As to the impairment caused by Ms. Lee's heart problems, Ms. Lee argues that the ALJ did not consider the opinions expressed by Reza Sajadi, M.D., that Ms. Lee could not walk far, could not lift more than 10 pounds, and had Class III shortness of breath. The record reflects that the ALJ did consider the opinion expressed by Dr. Sajadi as to Ms. Lee's shortness of breath but he found, as supported by the record, that there was "no clinical evidence of congestive heart failure at the present time." (Tr. 23, 284-86). A close examination of the record reflects that Dr. Sajadi never expressed an opinion that Ms. Lee could not walk far or that she could not lift more than 10 pounds. (Tr. 284). Dr. Sajadi simply noted that these constituted Ms. Lee's subjective complaints. *Id.* Overall, the record supports the conclusion reached by the ALJ that the impairments caused by Ms. Lee's heart problems were not disabling. (Tr. 239-40, 286, 328-35, 401-02).

As to the second issue raised by Ms. Lee on appeal—that the Appeals Council did not consider the opinions expressed by Dr. Mary Ann Booth, M.D., another consulting psychiatrist—the law is clear that the Appeals Council was not required to provide an explanation of its view of the opinions expressed by Dr. Booth. *See Meyer v. Astrue*, 662 F.3d 700, 705 (4th Cir. 2011). Moreover, Dr. Booth's opinions are not "new" in that they substantially reflect the same opinions that were expressed by Dr. Abraham. Further, there is no evidence in the record that Dr. Booth ever examined Ms. Lee, which suggests that Dr. Booth's opinion would not be "material" in the sense that it might change the outcome. The burden of

*Jacqueline Lee v. Commissioner, Social Security Administration*
Civil No. SAG-12-2018
April 22, 2013
Page 3

proving that evidence is new and material rests with the claimant. *See Taylor v. Astrue,* No. 5:09CV7–RLV, 2012 WL 909506, at *4 (W.D.N.C. Mar. 16, 2012) (citing *Allen v. Comm'r of Soc. Sec.,* 561 F.3d 646, 653 (6th Cir. 2009)) (finding plaintiff did not satisfy her burden of demonstrating that new evidence was relevant to period on or before ALJ hearing decision); *Fagg v. Chater,* 106 F.3d 390, 1997 WL 39146 (4th Cir. 1997) (outlining the three prerequisites a plaintiff must satisfy to merit remand on the basis of newly discovered evidence).  Ms. Lee has failed to meet that burden.  Under these circumstances, the Appeals Council committed no reversible error.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 15) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 16) will be GRANTED.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing Order follows.

        Sincerely yours,

        /s/

        Stephanie A. Gallagher
        United States Magistrate Judge